UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES WILLIAM KING, II, <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | CAUSE NO.: 1:17-CV-191-TLS-SLC |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 37]. The Plaintiff's attorney requests attorney fees under 42 U.S.C. § 406(b) in the net amount of $22,629.75, which already accounts for an offset of Equal Access to Justice Act (EAJA) fees previously awarded. The Defendant filed a Response [ECF No. 38], asserting that the requested effective hourly rate of $1,371 is a windfall and should be reduced. The Plaintiff filed a Reply [ECF No. 40]. For the reasons stated below, the Plaintiff's Motion is GRANTED.

**BACKGROUND**

The Plaintiff initiated this action for judicial review of the Commissioner of Social Security's decision denying his application for disability insurance benefits and supplemental security income. On June 18, 2018, the Court granted the Plaintiff's request, reversing and remanding for further proceedings. ECF No. 24. On October 30, 2018, the Court awarded $3,824.29 in attorney fees under the EAJA, 28 U.S.C. § 2412. ECF No. 27.

On remand, the Social Security Administration issued a Notice of Award entitling the Plaintiff to past-due disability insurance benefits, twenty-five percent of which ($22,629.75) was

withheld for the payment of attorney fees. *See* Notice of Award 3, ECF No. 37-5. The Plaintiff's attorney first filed a motion for attorney fees pursuant to § 406(b) on May 11, 2020 [ECF No. 28], which was refiled on May 21, 2020 [ECF No. 31], and amended on February 24, 2021 [ECF No. 34]. In the instant second amended motion [ECF No. 37], filed on March 23, 2021, the Plaintiff's attorney seeks § 406(b) fees based not only on the past-due benefits awarded to the Plaintiff but also for the past-due benefits subsequently awarded to the Plaintiff's two dependents. Twenty-five percent of the three awards of past-due benefits is $33,942.75.

In the instant motion, the attorney requests a net § 406(b) fee of $22,629.75 based on twenty-five percent of all three awards of past-due benefits subject to multiple reductions. This amount is based on the retainer agreement between the Plaintiff and the Plaintiff's attorney, *see* ECF No. 37-1, in which the Plaintiff agrees to pay the attorney twenty-five percent of all past-due benefits for work at the federal court level. The agreement further provides that the attorney will refund to the Plaintiff the smaller of the EAJA fee and the § 406(b) award. Finally, the agreement provides that the § 406(a) and § 406(b) fees will not total more than twenty-five percent of all past-due benefits.

Thus, the Plaintiff's attorney requests that the twenty-five percent of the three past-due benefits awards, which is $33,942.75, be reduced for purposes of calculating the § 406(b) fee first by the § 406(a) representative fee of $5,031.25, which was already awarded. The attorney further requests that the twenty-five percent of past-due benefits be reduced by $497.15 to account for an extension of time sought to file the opening brief. Finally, the attorney proposes another reduction of $1,960.31 to avoid the possibility of the Plaintiff potentially owing a balance of the § 406(b) fee in excess of what the administration may have actually withheld. *See* ECF Nos. 37-7, 37-8. This results in a requested total § 406(b) attorney fee award of $26,454.04.

However, the Plaintiff's attorney requests payment of a net § 406(b) attorney fee of $22,629.75, which constitutes the $26,454.04 total fee offset by the EAJA fee award of $3,824.29. The Defendant does not dispute any of these amounts or calculations, arguing only that the effective hourly rate is too high.

## ANALYSIS

The Plaintiff's counsel requests a net payment of $22,629.75 in attorney fees pursuant to 42 U.S.C § 406(b). The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* 42 U.S.C. § 406(a), as well as representation before the Court, *see* 42 U.S.C § 406(b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Under § 406(b), the Court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 792. The reasonableness analysis considers the "character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Reasons to reduce an award include an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. *Id.* In addition, an award of EAJA fees under 28 U.S.C. § 2412 offsets an award under § 406(b). *Id.* at 796. The Seventh Circuit Court of Appeals has recognized that "the netting method is permissible," even if disfavored, and that whether to use the method is within discretion of the court. *O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2021).

In this case, the requested amount of attorney fees is consistent with the contingency agreement. The proposed total § 406(b) fee of $26,454.04 equals an effective hourly rate of approximately $1,371. *See* Pl.'s Mot. ¶ 3, ECF No. 37 (reflecting 19.3 attorney hours). Such an

3

hourly rate is reasonable given the contingent nature of this case. *See, e.g.*, *Long v. Saul*, No. 3:19-CV-155, 2021 WL 2588110, at *1 (N.D. Ind. June 24, 2021) (noting that an hourly rate of $1,711.96 is within the range of rates approved by courts); *Kirby v. Berryhill*, No. 14-CV-5936, 2017 WL 5891059, at *1–2 (N.D. Ill. Nov. 29, 2017) (awarding attorney fees with an hourly rate of $1,612.28); *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded attorney fees with hourly rates ranging from $400 to $1,500). In addition, counsel obtained a great benefit for the Plaintiff and the Plaintiff's dependents in past-due benefits as well as future payments, counsel is not seeking more than twenty-five percent of past-due benefits for the § 406(a) and § 406(b) fees combined, counsel reduced the fee request to account for an extension of time sought to file the Plaintiff's opening brief, and counsel has included a reduction to the fee request to avoid the possibility of the Plaintiff being responsible for any fees over the amount withheld by the administration.

## CONCLUSION

For the reasons stated above, the Court hereby GRANTS the Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 37] and AWARDS attorney fees under 42 U.S.C. § 406(b) in the net amount of $22,629.75, which already accounts for the offset of EAJA fees. The Court DENIES as moot the pending motions at Docket Entries 28, 31, and 34.

SO ORDERED on June 30, 2022.

                                        s/ Theresa L. Springmann
                                        JUDGE THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT